UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CHRISTIAN,

    Plaintiff,

v.

43RD DISTRICT COURT FOR THE
STATE OF MICHIGAN, et al.,

    Defendants.

                                    /

Case No. 2:16-cv-10788

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER SUMMARILY
## DISMISSING PLAINTIFF'S COMPLAINT, DENYING PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND (document no. 11), AND ENJOINING
## PLAINTIFF FROM FURTHER FILINGS WITHOUT PERMISSION OF THE COURT

    Plaintiff Maurice Christian filed a pro se lawsuit under 42 U.S.C. § 1983 against the 43rd District Court, the City of Hazel Park, and Judge Charles Goedert. Under 28 U.S.C. § 1915(e)(2), the Court has a duty to sua sponte dismiss a frivolous or malicious *in forma pauperis* complaint. The Court may dismiss "without permitting the plaintiff to amend the complaint." *Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc*, (Jan. 17, 2014), *aff'd*, 135 S. Ct. 1759 (2015). Even with the Court previously "granting [a] liberal construction" to the pro se complaint, plaintiff has failed to state a claim upon which relief may be granted. *Jones v. Caruso*, 569 F.3d 258, 263 (6th Cir. 2009). Accordingly, the Court will dismiss the complaint. Moreover, the Court will enjoin plaintiff from further filings without permission of the Court.

## BACKGROUND

    Plaintiff's complaint appears to challenge a March 4, 2014 state-court order to pay court fees. Compl. 18, ECF No. 1. Plaintiff makes three claims. First, he claims that Judge Goedert violated his right to due process by refusing to answer a motion to stay and enjoin

the payment of court fees. *Id.* at 8. Second, he argues that the 43rd District Court lacked jurisdiction. *Id.* at 9. Finally, he contends that Judge Goedert and the City of Hazel Park unjustly enriched themselves by requiring him to pay the court fee. *Id.* ¶ 56. In support, plaintiff invokes the Alien Tort Claims Act, the United Nation's 1948 Declaration of Human Rights, and the United Nations Declaration of the Rights of Indigenous Peoples. *Id.* at 1–2, ECF No. 1.

## LEGAL STANDARD

The Court must sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted, or a claim over which the court lacks subject-matter jurisdiction. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When evaluating the claims, the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The complaint must offer more than the "bare assertion of legal conclusions," *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), or a "formulaic recitation of the elements." *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S.

at 555). Rather, a complaint must provide sufficient facts to show a "plausibility of entitlement to relief." *Id.* at 678 (quotations omitted).

## DISCUSSION

I.  *Due Process Claim*

Christian claims Judge Goedert "violated the Plaintiff's Right to Due Process by refusing to answer the Plaintiff's *Request For Stay and Injunction on Execution of the Due Date of Court Fees and Clarity on the Itemization of the Court Fees and Request to have Court Fees Due at the End of Probation* petition." Compl. ¶ 30, ECF No. 1. As far as the Court can tell, Christian bases his claim on a state-court judgment that required him to pay a court fee in connection with a misdemeanor conviction. *Id.* ¶ 19.

Generally, federal courts lack jurisdiction to review state-court criminal judgments. *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008). "The *Rooker-Feldman* doctrine denies federal jurisdiction to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies "when a plaintiff complains of injury from the state-court judgment itself." *Id.* But the doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action[.]" *Id.*

Here, Christian seeks relief from a state-court judgment imposing a fee. The Court does not have jurisdiction to serve as a tribunal for Christian's direct appeal of a state-court criminal judgment. As a result, the Court will dismiss Count I with prejudice.

II.   *Jurisdiction Claim*

Next, Christian contends that the 43rd Circuit Court lacked subject-matter jurisdiction in his state-court criminal case. But Christian must offer "more than the bare assertion of legal conclusions" to state a viable claim for relief. *Tackett*, 561 F.3d at 488. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable" to Christian's legal conclusion that the 43rd Circuit Court lacked jurisdiction. *Iqbal*, 556 U.S. at 678. Since those limited claims of Christian's that are intelligible failed to provide sufficient facts to show a "plausibility of entitlement to relief," the Court will dismiss Count II with prejudice.

III.   *Unjust Enrichment Claim*

Lastly, Christian submits that he had "to pay the extorter Charles G. Goedert and 43rd District [sic] Court and City of Hazel Park, incorporated so the Plaintiff would not kidnapped by Oakland County Sheriff department and unlawfully detained [in] Oakland County Jail." Compl. ¶ 53, 56, 58, ECF No. 1. He argues that the defendants were "unjustly enriched by the payments of the Plaintiff," and demands repayment of the court fee. *Id.* ¶ 56, PgID 18.

"No immunity doctrine affecting persons is more strongly established than that of judicial immunity." *Kurz v. State of Mich.*, 548 F.2d 172, 174 (6th Cir. 1977). The doctrine preserves judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). As a general rule, judges are immune from suits for money damages. *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). And judicial immunity "is not overcome by allegations of bad faith or malice[.]" *Id.* at 225 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). But "a judge is not

immune from liability for nonjudicial actions" or actions "taken in complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11–12).

Here, the facts alleged in the complaint indicate that Judge Goedert acted in his judicial capacity during a show-cause hearing when he ordered Christian to pay the court fee. *See* Compl. ¶ 19, ECF No. 1. Judicial immunity therefore bars Christian's claim against Judge Goedert for monetary damages. Also, Christian's allegations fail as a matter of law. Because Christian seeks to raise claims under 42 U.S.C. § 1983, he must allege facts showing that the defendants, while acting under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008). Christian's claim for unjust enrichment, however, fails to allege such a depriviation. Accordingly, the Court will dismiss Count III with prejudice.

IV. *Injunction*

Federal district courts "[have] the authority to enjoin harassing litigation under [their] inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)." *Wrenn v. Vanderbilt Univ. Hosp.,* 50 F.3d 11 (6th Cir. 1995) (unpublished table decision); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that courts have a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"); *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[T]he right of access to the courts is neither absolute nor unconditional[.]").

To exercise their inherent authority, federal courts may "'impose carefully tailored restrictions' upon 'abusive litigants.'" *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *3 (E.D. Mich. Nov. 25, 2014) (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th

Cir.1986)). Although a plaintiff may not be "absolutely foreclosed from initiating an action in a court of the United States," district courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

To determine whether a pre-filing injunction is appropriate, the Court considers: (1) the litigant's history of vexatious, harassing or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940 n.18 (6th Cir. 2002). If a litigant "is likely to continue to abuse the judicial process and harass other parties," then a pre-filing injunction is warranted. *Scott*, 2014 WL 6675354, at *4 (quotations omitted).

Christian has filed a series of frivolous claims in federal courts over the past eight years. In 2008, he removed a case to federal court and filed "documents [which] purport to be UCC-1 financial statements perfecting a lien in the sum of one hundred billion dollars on the assets of the plaintiffs." *City of Ferndale, et. al. v. Christian-Bey*, Case No. 2:08-cv-14194 (E.D. Mich. Oct. 10, 2008) (order remanding case). Additionally, Christian filed a counter-claim alleging violations of the Treaty of Peace and Friendship, the Magna Carta, and various United Nations Documents and seeking $275,000,000 in gold. *Ferndale v. Christian-Bey*, Counter-Compl. 6–7,18, ECF No. 4.

In 2011, Christian filed a claim against the City of Oak Park seeking $18,000,000 in damages after he was asked to leave a city pool. *Christian Bey v. City of Oak Park*, Case no. 2:11-cv-13607 (E.D. Mich. Sep. 14, 2011) (order dismissing case). In his complaint, Christian alleged that a life guard told him he couldn't be in the deep end without taking a swim test. *Bey v. Oak Park*, Compl. ¶ 19, ECF No. 1. Christian claimed that "[a]ll defendants named committed Treason and levied war against the United States by enforcing a local ordinance" contrary to the U.S. Constitution, as well as violations of 18 U.S.C. § 242, The Treaty of Peace and Friendship, The United Nations Declaration of the Rights of Indigenous Peoples, and The Law of Nations. *Id.* at 11–15. The court noted that his complaint was "virtually unintelligible" and dismissed his complaint sua sponte under 28 U.S.C. § 1915 for failure to state a claim. Order Dismissing Case 2*,* ECF No. 2.

In 2013, Christian's filed a complaint against the 43rd District Court, Judge Goedert, and Hazel Park. *Christian v. 43rd District Court for the State of Michigan*, *et al.*, Case No. 2:13-cv-12618 (E.D. Mich. Dec. 12, 2014). When the case reached discovery, however, Christian declined to participate or to obey court orders. The Court dismissed his complaint with prejudice for "failing to prosecute his claims," and "wilful[ly]" engaging in a "clear pattern of delay." Report and Rec., ECF No. 48, *adopted by* Order, ECF No. 51. The Sixth Circuit affirmed. *Christian v. 43rd Dist. Court for the State of Mich., et al.*, Case No. 15-1029 (6th Cir. Jun. 23, 2015).

Lastly, only a few weeks ago, a court dismissed Christian's 42 U.S.C. § 1983 complaint against the City of Detroit and two police officers. *Christian v. City of Detroit et al.*, Case No. 2:16-cv-13136 (E.D. Mich. Sep. 26, 2016) (order dismissing case). Christian's complaint appears to relate to a ticket he received from the officers; the Court dismissed

7

the complaint because it was "so devoid of context and detail that the Court cannot discern what the Defendants allegedly did and why those actions could plausibly result in liability." *Id.*

Although plaintiff's exact motives for filing a string of frivolous complaints is unclear, his behavior indicates that he has no objective, good-faith expectation of prevailing. In Christian's first suit against the 43rd District Court, Judge Goedert, and Hazel Park — adjudicated in this Court — the defendants repeatedly attempted in good faith to conduct discovery. Christian repeatedly and willfully disobeyed the Court's discovery orders. *See Christian v. 43rd District Court for the State of Michigan, et al.*, Case No. 2:13-cv-12618 (E.D. Mich. Dec. 12, 2014) (report and recommendation). He purposefully delayed the proceedings, forcing the defendants to waste significant amounts of time, effort, and money to litigate a case that Christian had no apparent interest in prosecuting. Based on his prior wilful misconduct, Christian's purpose appears to be to harass other parties, not to seek legal redress.

Moreover, Christian's meritless complaints force the courts to waste substantial amounts of time that could be better spent assisting parties who file legitimate claims in good faith, supported by arguable bases in law and fact. When Christian files frivolous complaints, every other party on the docket suffers. Parties seeking redress for real harms must wait while the Court wastes time adjudicating Christian's frivolities. The Court finds that no other sanction will adequately protect the Courts and other parties from Christian's habitual abuse of judicial process.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (document no. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that any future filings by Maurice Christian shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and shall be accompanied by a copy of this order. The Clerk's Office is directed to reject any filing by Christian which does not comply with these instructions. The district court will review Christian's filings and shall certify whether or not the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Christian unfiled.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 16, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager